**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**NOT FOR PUBLICATION**

|  |  |
|---|---|
| COMPOSITE ROOFERS LOCAL NO. 10 PENSION FUND, et al. Plaintiffs, v. VMG GROUP d/b/a MIKE'S ROOFING, Defendant. | Civil Action No. 12-343 (ES) (CLW) **OPINION & ORDER** |

**SALAS, DISTRICT JUDGE**

Pending before the Court is a motion for default judgment under Rule 55 of the Federal Rules of Civil Procedure submitted by Composition Roofers Local No. 10 Pension Fund, Composition Roofers Local No. 10 Health Fund, Composition Roofers Local No. 10 Apprentice Training Fund, Phyllis Freeman, as a trustee of the funds and Composition Roofers Local Union 10 ("Plaintiffs").  (Docket Entry No., "D.E." 4).  Because Plaintiffs moved for default judgment *before* the Clerk's entry of default, Plaintiffs' motion is DENIED without prejudice with leave to re-file.

An application for entry of default judgment must contain evidence, by affidavits and documents, of: "(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance

1

with the Soldiers' and Sailors' Civil Relief Act." *Ciasulli v. Hartmann*, No. 08-5544, 2009 WL 150668, at *1 (D.N.J. Jan. 21, 2009) (quoting *GE Healthcare Fin. Servs. v. New Brunswick X-Ray Grp., PA*, No. 05-833, 2007 WL 38851, at *3 (D.N.J. Jan. 4, 2007)).

Here, Plaintiffs' motion fails on prong (1), because, at the time Plaintiffs filed their motion for default judgment, an entry of default had not yet been issued under Rule 55(a). On January 19, 2012, Plaintiffs filed a complaint against Defendant. (D.E. 1). The Defendant was served, but has failed to file an answer (D.E. 5). On March 15, 2012, Plaintiffs filed a motion for default judgment. (D.E. 6). To date, however, Plaintiffs have not received the clerk's entry of default.

Rule 55 sets forth the default procedure. *See* Fed. R. Civ. P. 55. First, a party requests an entry of default, and the Clerk makes a judgment; however, the clerk's entry of default alone does not entitle the party to relief. Second, following the Clerk's entry of default, the party must submit a motion for default judgment to the Court. Fed. R. Civ. P. 55(b)(2). Where plaintiffs have failed to follow this procedure, courts have denied their motions for default judgment because an entry of default by the Clerk under Rule 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b). *See*, *e.g.*, *Husain v. Casino Control Comm'n*, 265 F. App'x 130, 133 (3d Cir. 2008) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."); *Limehouse v. Delaware*, 144 F. App'x 921 (3d Cir. 2005) (denying plaintiff's motion for default where plaintiff failed to request an entry of default prior to moving for default judgment); *United States SBA v. Beals*, No. 08-1954, 2008 U.S. Dist. LEXIS 102141, at *11-12 (D.N.J. Dec. 16, 2008) (denying plaintiff's motion for default where plaintiff failed to request an entry of default); *United States SBA v. Hamaayan Fountain of Jewish Culture Inst., Inc.*, No. 08-1957, 2008 U.S.

Dist. LEXIS 102095 (D.N.J. Dec. 16, 2008) (denying plaintiff's motion for default judgment because plaintiff requested an entry of default the day after filing a motion to dismiss).  Here, as in *Husain*, *Limehouse*, *Beals*, and *Hamaayan Fountain*, the Clerk had not entered default before Plaintiffs filed their motion for default judgment; therefore, Plaintiff's motion is DENIED.

      IT IS THEREFORE on this 10th day of April 2012,

      ORDERED that Plaintiffs' motion for default judgment, (D.E. 4), is DENIED pending receipt by this Court of a timely filed motion following the Clerk's entry of default, in addition to compliance with all other requirements established by Rule 55 of the Federal Rules of Civil Procedure.

      **SO ORDERED.**

      s/*Esther Salas*
      **Esther Salas, U.S.D.J.**